UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>SAUL BASURTO VALDEZ,<br><br>                      Defendant. | No. CR06-60Z<br><br>ORDER |

Defendant Valdez's motion to suppress and request for an evidentiary hearing, docket no. 14, is DENIED for the reasons set forth in this Order.

(1)  <u>Stop of pickup and search of Defendant</u>

The motion is denied as to the stop of the gray 2002 Chevrolet pickup truck Defendant was driving on January 24, 2006. The officers had a valid warrant to seize and search the gray 2002 Chevrolet pickup. The seizure of the pickup did not violate the Fourth Amendment. <u>Camara v. Municipal Court</u>, 387 U.S. 523, 528-29 (1967). Defendant does not challenge the search warrant for the pickup. The Defendant was driving the pickup at the time of its seizure. As a result of the valid stop and search of the pickup, the officers had the legal right to detain the Defendant while the search was conducted. The pickup in question had been used in at least two control buys involving heroin in little over a week before the

ORDER  1–

stop and search, and the officers had reason to suspect that the driver of the pickup might be involved in some type of criminal activity.  The facts supporting the officers' belief is set forth in the search warrant affidavit of Officer C. Martin to search the pickup, Exhibit A to the Government's Opposition, docket no. 16.  The officers had the legal right to detain the Defendant while a search of the pickup was conducted.  See Michigan v. Summers, 452 U.S. 692, 705 (1981).  The handcuffing and subsequent "pat down" search of Defendant was also proper for officer safety.  See United States v. Hensley, 469 U.S. 221, 235 (1985).  The officers found "three hard bulges" which they had reasonable grounds to remove and search.  Upon discovery that the bulges contained heroin the officers had probable cause to arrest Defendant.  See United States v. Mattarolo, 209 F.3d 1153, 1158 (9th Cir. 2000).

(2) Search of residence at 18311-116th Avenue SE Renton, Washington

The search warrant for the residence at 18311-116th Avenue SE, Renton, Washington, was supported by probable cause.  Officer Martin's search warrant affidavit, Exhibit A to docket no. 16, Bates Stamp Nos. 000033-40, provides substantial evidence to support the probable cause.  It was reasonable under all the circumstances to seek evidence of drug trafficking at the Renton residence.  See United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002).  The search of the garage did not exceed the scope of the search warrant. See United States v. Furrow, 229 F.3d 805, 816 (9th Cir. 2000), overruled on other grounds by United States v. Johnson, 256 F.3d 895 (9th Cir. 2001) (en banc).

(3) Defendant's statements are admissible under Miranda

Defendant contends any statements were the "fruit of the poisonous tree."  The Defendant's Miranda challenge must fail because the Court finds the stop of the pickup, the search of the Defendant, and the subsequent arrest, were proper.  Notably, Defendant has not even challenged whether the waiver of Miranda rights was voluntary.

ORDER 2–

(4) <u>No evidentiary hearing is required</u>

No evidentiary hearing is required. The search warrant and affidavit stated probable cause to seize the pickup and search the Renton residence and garage. The stop, search, and arrest of the Defendant, was proper. Defendant fails to raise any issue of fact under Miranda which would require an evidentiary hearing.

(5) <u>Conclusion</u>

For the reasons stated, the motion to suppress is DENIED.

IT IS SO ORDERED.

DATED this 5th day of April, 2006.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER 3–